IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,　　　　　） | |
| 　　　　　　　　　　　　　　　　　） | |
| 　　　　　Plaintiff,　　　　　） | |
| 　　　　　　　　　　　　　　　　　） | CRIMINAL ACTION |
| v.　　　　　　　　　　　　　　　） | |
| 　　　　　　　　　　　　　　　　　） | No. 10-10169-01-KHV |
| ANGEL GARCIA AGUIRRE,　　　　　） | |
| 　　　　　　　　　　　　　　　　　） | |
| 　　　　　Defendant.　　　　　） | |
| _____） | |

## MEMORANDUM AND ORDER

On March 13, 2012, the Court sentenced defendant to 147 months in prison.   This matter is before the court on defendant's Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Doc. #46) filed December 14, 2020, which seeks release based on the Coronavirus Disease-2019 ("COVID-19") pandemic.   Pursuant to District of Kansas Standing Order No. 20-8, the Office of the Federal Public Defender notified the Court that it does not intend to enter an appearance to represent defendant.   For reasons stated below, the Court dismisses defendant's motion.

## Factual Background

Defendant currently is confined at FCI Victorville–Medium I, a Bureau of Prisons ("BOP") facility in Victorville, California.   As of March 3, 2021, 660 inmates and 82 staff members had tested positive for COVID-19.   See COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Mar. 3, 2021).   Some 652 inmates and 69 staff members have recovered.   See id.   Two inmates and one staff member have died from COVID-19.   See id.

Defendant is 42 years old.   On August 5, 2020, defendant had a slight fever (100.0 degrees Fahrenheit) and tested positive for COVID-19.   Motion For Sentence Reduction (Doc. #46) at 22.

From August 7 through August 24, 2020, the BOP conducted 14 screening visits for COVID-19 symptoms, but defendant did not display any additional symptoms.   See id. at 23–25.   Defendant states that because of paraplegia, GERD, ventral hernia, hepatitis C and the prior COVID-19 infection, he is at high risk of contracting COVID-19 and of severe illness or death if he contracts it again.   With good time credit, defendant's projected release date is March 31, 2021.   Defendant asks the Court to grant compassionate release.

## Analysis

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.   See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).   Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."   18 U.S.C. § 3582(c). Under the First Step Act of 2018, Pub. L. No. 115-391 (S. 756), 132 Stat. 5194, the Court may order compassionate release for "extraordinary and compelling reasons."   18 U.S.C. § 3582(c)(1)(A)(i).   Defendant seeks compassionate release because of various health conditions and the COVID-19 pandemic.

The Court may entertain requests for compassionate release only upon a motion of the BOP or of defendant after he submits a request to BOP and the earlier of (1) when he "fully exhaust[s] all administrative rights to appeal" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."   18 U.S.C. § 3582(c)(1)(A).   The record reflects that

defendant submitted a request on July 13, 2020, which the warden denied on September 1, 2020. Because the warden did not respond within 30 days of defendant's request, defendant has satisfied the exhaustion prerequisite.

Under the compassionate release statute, after considering the applicable factors set forth in Section 3553(a), the Court may grant relief if defendant establishes that (1) "extraordinary and compelling reasons" warrant a reduced sentence and (2) a reduced sentence is "consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(1)(A). Congress specifically authorized the Sentencing Commission to issue policy statements defining "what should be considered extraordinary and compelling reasons for [a] sentence reduction, including the criteria to be applied."   United States v. Saldana, 807 F. App'x 816, 819 (10th Cir. 2020) (quoting 28 U.S.C. § 994(t)).

The Sentencing Commission has identified four reasons that may constitute grounds for compassionate release: (1) defendant's medical condition; (2) defendant's age; (3) defendant's family circumstances; and (4) as determined by the Director of the BOP, an "extraordinary and compelling reason other than, or in combination with," the first three categories.   U.S. Sent'g Guidelines Manual ("U.S.S.G.") § 1B1.13, Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), cmt. n.1 (Nov. 2018).   In addition, the policy statement requires that before granting relief, the Court must find that defendant "is not a danger to the safety of any other person or to the community."   U.S.S.G. § 1B1.13(2) (citing 18 U.S.C. § 3142(g)). In December of 2018, the First Step Act amended Section 3582(c)(1)(A) to permit defendants (rather than only the BOP) to file motions for compassionate release.   The Sentencing Commission's policy statement, which was effective November 1, 2018, nonetheless remains the

-3-

relevant policy statement in determining whether "extraordinary and compelling reasons" warrant

defendant's release.   See Saldana, 807 F. App'x at 819 (applying policy statement effective

November 1, 2018 to defense motion under Section 3582(c)(1)(A)).   Unless the grounds for

resentencing fall within one of the specific categories that Congress has authorized under

Section 3582(c), the Court lacks jurisdiction to consider defendant's request.   See id.; United

States v. Brown, 556 F.3d 1108, 1113 (10th Cir. 2009).

Here, defendant seeks compassionate release based on paraplegia, GERD, ventral hernia,

hepatitis C, a prior COVID-19 infection and the risk that he will contract COVID-19 again at FCI

Victorville I.   None of these factors are specifically identified in the Section 1B1.13 commentary

under Subsections (A) through (C).[1]   Accordingly, for defendant to establish extraordinary and

compelling reasons for release, he must rely on the catchall provision of subsection (D).

Under subsection (D) of the Section 1B1.13 commentary, as determined by the Director of

---

[1]     The government concedes that a medical condition that elevates an inmate's risk of becoming seriously ill if he contracts COVID-19 may constitute an extraordinary and compelling reason for release.   See Government's Response To Defendant's Motion For Compassionate Release (Doc. #48) at 14–15. The government argues that during the COVID-19 pandemic, defendant's medical conditions satisfy the criteria under subsection (A) of the Section 1B1.13 commentary, i.e. a chronic condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover.   Id.   Here, subsection (A) does not apply because unless and until defendant contracts COVID-19 again, his medical conditions do not limit his ability to provide self-care within the prison environment.   See U.S.S.G. § 1B1.13, cmt. n.1(A) (defendant must show chronic condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover").   Subsection (B) does not apply because defendant is 42 years old.   See U.S.S.G. § 1B1.13, cmt. n.1(B) (defendant must be at least 65 years old to qualify for relief based on age). Subsection (C) does not apply because defendant seeks relief based on his own circumstances, not family circumstances.   See U.S.S.G. § 1B1.13, cmt. n.1(C) (relief based on death or incapacitation of caregiver of minor child or incapacitation of spouse where defendant would be only available caregiver).

-4-

the BOP, release may be appropriate based on other "extraordinary and compelling reason[s]," by themselves or in combination with defendant's medical condition, age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(D).   To determine whether defendant presents other extraordinary and compelling reasons for release, the BOP has identified several "nonexclusive factors" to consider: defendant's criminal and personal history, the nature of his offense, disciplinary infractions, length of sentence and amount of time served, current age and age at the time of offense and sentencing, release plans and whether release would "minimize the severity of the offense." Saldana, 807 F. App'x at 819 (quoting BOP Program Statement 5050.50 at 12 (2019)).

As explained above, the First Step Act permits defendants (rather than only the BOP) to file motions for compassionate release.   The Sentencing Commission, however, which has lacked a quorum since the First Step Act was enacted in December of 2018, has not amended the Section 1B1.13 commentary which includes the catchall provision for other extraordinary and compelling reasons "[a]s determined by the Director of the BOP."   U.S.S.G. § 1B1.13, cmt. n.1(D).   In an unpublished decision, the Tenth Circuit implicitly recognized that the district court, rather than the BOP exclusively (as the commentary suggests), can determine under the catchall provision, whether "other" extraordinary and compelling reasons exist.   See Saldana, 807 F. App'x at 819–20.   The Court likewise concludes that on a defense motion, it may—independently of the BOP—determine whether defendant has established "other" extraordinary and compelling reasons that warrant a reduced sentence beyond those stated in subsections (A) to (C) of the Section 1B1.13 commentary.   U.S.S.G. § 1B1.13, cmt. n.1(D); see United States v. McIntosh, No. 11-20085-01-KHV, 2020 WL 5747921, at *5 (D. Kan. Sept. 25, 2020), reconsideration denied, 2020 WL 6270918 (D. Kan. Oct. 26, 2020); see also 28 U.S.C. § 994(t) (Sentencing

Commission shall describe what should be considered extraordinary and compelling reasons including criteria to apply and list of specific "examples"); <u>cf.</u> <u>United States v. Rodriguez</u>, No. 20-3220, 2021 WL 717045, at *2 (10th Cir. Feb. 24, 2021) (Briscoe, J., concurring) (Section 1B1.13 does not apply to defense motions); <u>Gunn</u>, 980 F.3d at 1180–81 (because no policy statement applies to inmate motions, district judges must consider only statutory criteria of "extraordinary and compelling reasons"); <u>United States v. Brooker</u>, 976 F.3d 228, 236 (2d Cir. 2020) (because Section 1B1.13 does not apply to inmate motions, Application Note 1(D) cannot constrain district court discretion to consider whether reasons are extraordinary and compelling).

In the context of compassionate release, "extraordinary" means "exceptional to a very marked extent." <u>United States v. Baydoun</u>, No. 16-20057, 2020 WL 4282189, at *2 (E.D. Mich. July 27, 2020) (quoting *extraordinary*, <u>Webster's Third International Dictionary, Unabridged</u> (2020)). "Compelling" means "tending to convince . . . by forcefulness of evidence." <u>Id.</u> (quoting *compelling*, <u>Webster's Third International Dictionary, Unabridged</u> (2020)). As noted above, BOP Program Statement 5050.50 identifies several "nonexclusive" factors for the Court to consider in determining whether "other" extraordinary and compelling reasons warrant a reduced sentence. <u>See</u> <u>Saldana</u>, 807 F. App'x at 819.

Here, defendant seeks release because of his medical conditions and the risk of severe illness or death if he contracts COVID-19 again. Defendant is set for release from federal custody later this month, but he is subject to a detainer in California to face charges of kidnapping, second degree robbery and possession of firearms. Defendant has not shown that compared to placement in a California facility, he faces a heightened or imminent risk of exposure to COVID-19 at FCI Victorville I. <u>See</u> <u>United States v. Wright</u>, No. CR-TDC-17-0388, 2020 WL 2571198, at *3 (D.

Md. May 21, 2020) (inmate must show imminent risk of exposure to COVID-19 and high risk for death or serious illness should he or she contract COVID-19 based on age, medical conditions or other factors).   In addition, because defendant is subject to a detainer, he cannot establish a viable release plan.   Defendant's medical conditions and the conditions at FCI Victorville I, individually and collectively, do not constitute extraordinary and compelling reasons for his release.   Likewise, defendant has not established that the nonexclusive factors in BOP Program Statement 5050.50 compel his release.   COVID-19 certainly presents a challenge in the prison setting, where inmates generally live in close quarters.   Even so, the risk that COVID-19 may spread further at FCI Victorville I cannot "justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."   United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

In sum, defendant's medical conditions, his prior COVID-19 infection and the conditions at FCI Victorville I are not "extraordinary and compelling" reasons that warrant his release under Section 3582(c)(1)(A).   Therefore, the Court dismisses defendant's motion for release for lack of jurisdiction.   See United States v. Poutre, 834 F. App'x 473, 474 (10th Cir. 2021) (unless basis for resentencing satisfies specific category in Section 3582(c), district court lacks jurisdiction to consider request); Saldana, 807 F. App'x at 818, 820–21 (because district court found that defendant had not established "extraordinary and compelling reasons" for reduced sentence, it should have dismissed motion for lack of jurisdiction).

**IT IS THEREFORE ORDERED** that defendant's Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Doc. #46) filed December 14, 2020 is **DISMISSED for lack of jurisdiction**.

Dated this 5th day of March, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
